UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHLEAN MURRAY, individually and on behalf of
J.M.,

                         Plaintiffs,

     -v-

LAKELAND CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION; CAROL ANN
DOBSON (BOARD OF EDUCATION PRESIDENT
FOR LAKELAND CENTRAL SCHOOL
DISTRICT); GEORGE STONE
(SUPERINTENDENT OF SCHOOLS FOR
LAKELAND CENTRAL SCHOOL DISTRICT);
KAREN GAGLIARDI (SCHOOL PRINCIPAL
EMPLOYED BY LAKELAND CENTRAL
SCHOOL DISTRICT); JONATHAN VALENTE
(TEACHER EMPLOYED BY LAKELAND
CENTRAL SCHOOL DISTRICT); MARGO L.
MAY, ESQ.; MARY ELLEN ELIA
(COMMISSIONER FOR NEW YORK STATE
EDUCATION DEPARTMENT); THE NEW YORK
STATE EDUCATION DEPARTMENT OFFICE OF
COUNSEL; AND U.S. DEPARTMENT OF
EDUCATION OFFICE FOR CIVIL RIGHTS; in all
Defendant's Official and Individual Capacity;

                     Defendants.

No. 16-CV-6795 (KMK)

<u>OPINION & ORDER</u>

---

<u>Appearances:</u>

Ethlean Murray
Yorktown Heights, NY
*Pro Se Plaintiff*

James A. Randazzo, Esq.
Portale Randazzo LLP
White Plains, NY
*Counsel for Lakeland Central School District Board of Education, Jonathan Valente, Karen
Gagliardi, George Stone, and Carol Ann Dobson*

Marian C. Rice, Esq.
Meredith D. Belkin, Esq.
L'Abbate, Balkan, Colavita and Contini, LLP
Garden City, NY
*Counsel for Defendant Margo May*

Clement J. Colucci, III, Esq.
New York State Department of Law Litigation
New York, NY
*Counsel for Mary Ellen Elia and the New York State Education Department Office of Counsel*

Sharanya Mohan, Esq.
United States Attorney's Office Southern District of New York
New York, NY
*Counsel for U.S. Department of Education Office for Civil Rights*

KENNETH M. KARAS, District Judge:

Pro se Plaintiff Ethlean Murray ("Plaintiff") brings this Action against numerous defendants, alleging various claims under federal law arising out of an incident of purported discrimination involving her son, J.M., and the subsequent investigation of that incident.[1] Before the Court are four Motions To Dismiss and Plaintiff's Motion for Sanctions. The Court also construes Plaintiff's submissions to be requesting that the Court recuse itself. For the following reasons, the Motions To Dismiss are granted and the Motion for Sanctions and recusal request are denied.

---

[1] Plaintiff originally sought to prosecute this action pro se on her own behalf and on behalf of J.M. The Court dismissed the claims brought on behalf of J.M. because Plaintiff cannot represent J.M. pro se. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (explaining that a layperson may not represent a minor child).

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint, the documents appended thereto, and the filings Plaintiff submitted in opposition to the instant Motions, and are taken as true for the purpose of resolving the Motions.

During the time giving rise to this Action, Plaintiff's son, J.M., was a third grade student at the Thomas Jefferson Elementary School ("TJ").  (*See* Am. Compl. ¶¶ 5, 15 (Dkt. No. 4).)  On September 4, 2015, J.M.'s teacher, Jonathan Valente ("Valente"), allegedly discriminated against J.M. by requiring him to sit on the classroom floor.  (*See id.* ¶¶ 15–16.)  J.M. told Plaintiff about this incident on September 9, 2015.  (*See id.* ¶ 20.)  Plaintiff immediately emailed George Stone ("Stone"), the Superintendent of Schools for the Lakeland Central School District, about the incident, and copied Valente and Karen Gagliardi ("Gagliardi"), TJ's principal, on the email. (*See id.*)  Stone allegedly ignored Plaintiff's complaint.  (*See id.* ¶ 21.)  Gagliardi responded via letter.  (*See* Am. Compl. App'x ("App'x") 16.)

On September 23, 2015, Plaintiff sent a complaint to Carol Ann Dobson ("Dobson"), the Board of Education President for the Lakeland Central School District, concerning the incident. (*See* Am. Compl. ¶ 26; App'x 17–21.)  Plaintiff alleges that the Board of Education acted indifferently to the complaint and did not conduct an investigation.  (*See* Am. Compl. ¶ 26.)  On October 1, 2015, Dobson responded via letter and informed Plaintiff that Plaintiff was required to inform TJ where J.M. was attending school, as J.M. had missed more than a week of school to date.  (*See* App'x 23–24.)  Dobson noted that if Plaintiff did not disclose where J.M. was attending school, TJ was obligated to make a report to Child Protective Services ("CPS") because J.M. was in the compulsory age of attendance.  (*See id.* at 24.)  Plaintiff alleges that

Dobson's letter was a part of a conspiracy to cover up the discrimination that J.M. suffered. (*See* Am. Compl. ¶ 28.) Plaintiff alleges further that Dobson's letter restricted Plaintiff's constitutional right to free speech and discriminated against Plaintiff because Plaintiff is a disabled veteran. (*See id.* ¶ 29.) Plaintiff contends that the Board of Education should have launched an investigation into her complaint and called emergency meetings, but failed to do so. (*See id.* ¶ 31.) The lack of response from TJ and school district employees allegedly "forced" Plaintiff to remove J.M. from TJ. (*See id.* ¶ 37 (emphasis omitted).)

Plaintiff enrolled J.M. in a different school beginning on September 21, 2015. (*See id.* ¶ 46.) However, because Plaintiff did not inform TJ that J.M. was attending a new school, TJ filed a report with CPS on October 7, 2015. (*See id.* ¶ 47.)[2] The report allegedly was false and malicious. (*See id.*) On the same date the CPS report was filed, Plaintiff emailed the Commissioner of Education and the Chancellor of the Board of Regents concerning the alleged discriminatory treatment of J.M. (*See id.* ¶ 48.) In response to Plaintiff's email, the New York State Department of Education ("SED") informed Plaintiff that she had three options to pursue her claims against school district employees: (1) file an Appeal to the Commissioner through the SED Office of Counsel; (2) file a Complaint of Discrimination with the Office for Civil Rights; or (3) file a lawsuit against the school district. (*See* App'x 42.)

On November 2, 2015, Plaintiff filed a petition with the Commissioner of SED ("SED Petition") seeking the removal of Dobson and the other members of the Board of Education. (*See* Am. Compl. ¶¶ 49–50; App'x 44.) Then, on November 16, 2015, Plaintiff filed a complaint with the United States Department of Education, Office for Civil Rights ("OCR"). (*See* Am. Compl. ¶ 55; App'x 57–63.) Because Plaintiff filed a claim with SED, OCR closed Plaintiff's

---

[2] It was later determined that the CPS report was unfounded. (*See* Am. Compl. ¶ 52.)

case on December 15, 2015, informing Plaintiff that she could file a new complaint following SED's final determination. (*See* App'x 239 n.1.)

On November 19, 2015, Margo May ("May"), counsel for the defendants named in the SED Petition, filed an allegedly untimely request for an extension of time to file the defendants' answer. (Am. Compl. ¶ 57.) Plaintiff opposed this request. (*See id.* ¶ 58.) The defendants sent their answer to Plaintiff on December 4, 2015. (*See id.* ¶ 59.) Included with the answer were four allegedly false affidavits. (*See id.*) By filing these affidavits, Plaintiff asserts that May became a participant in the conspiracy to unlawfully discriminate against Plaintiff and J.M. (*See id.* ¶ 60.) Plaintiff filed a response to the defendants' answer in late December 2015. (*See id.* ¶ 63.) Then, on January 2, 2016, Plaintiff filed a letter objecting to SED's decision to grant the defendants' extension request and accused SED of various kinds of impropriety. (*See id.* ¶¶ 64–65; App'x 176–187.)

On February 16, 2016, Plaintiff served a notice of claim on the Board of Education's district clerk. (*See* Am. Compl. ¶ 67.) The Board of Education allegedly retaliated against Plaintiff by mailing a letter to Plaintiff on February 22, 2016. (*See id.* ¶ 68.) Plaintiff responded to this letter on February 29, 2016. (*See id.* ¶ 69.)

On March 20, 2016, Plaintiff sent letters to United States Attorney Preet Bharara and John B. King, Jr., the "United States Acting Secretary," seeking immediate assistance. (*Id.* ¶ 70.) Plaintiff forwarded a copy of these letters to OCR and to SED. (*See id.*) On March 24, 2016, OCR assigned Plaintiff's complaint a case number. (*See id.* ¶ 71.) In April 2016, OCR informed Plaintiff that it needed additional information to process Plaintiff's complaint. (*See id.* ¶ 72.) Plaintiff alleges that this request for additional information was nothing more than an attempt to deprive Plaintiff and J.M. of their constitutional rights. (*See id.*) Plaintiff objected to OCR's

request and demanded that OCR "cease and desist" from depriving Plaintiff and J.M. of their constitutional rights. (*Id.* ¶ 73.) On May 5, 2016, Nadja Gill ("Gill"), an OCR employee, sent Plaintiff a letter dismissing Plaintiff's complaint. (*See id.* ¶ 74.) The letter explained that OCR dismissed Plaintiff's complaint because Plaintiff filed a complaint based on the same incident with SED. (App'x 239.) Plaintiff contends that Gill's letter violated New York State Penal Law. (*See* Am. Compl. ¶ 75.)

After Plaintiff commenced this Action, on November 21, 2016, SED dismissed the SED Petition on procedural and jurisdictional grounds. (*See* Letter from Plaintiff to Court (Nov. 28, 2016) ("November 2016 Letter") Ex. 2 (Dkt. No. 42).)

Plaintiff has sued SED, Commissioner of SED Mary Ellen Elia ("Elia"), the Lakeland Central School District Board of Education, Dobson, Stone, Gagliardi, Valente, May, Gill, and OCR for violating several federal statutes. Specifically, Plaintiff asserts that the Lakeland Central School District Board of Education, Dobson, Stone, Gagliardi, Valente, and May violated Title VI of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA") of 1990, § 504 of the Rehabilitation Act of 1973, 18 U.S.C. §§ 241–42, 245, and 42 U.S.C. §§ 1981, 1983, 1985. (*See* Am. Compl. ¶¶ 78–109.) Plaintiff also asserts that OCR violated 18 U.S.C. §§ 242 and 245, 42 U.S.C. §§ 1981, 1983, and 1985. (*See id.* ¶¶ 96–109.) Finally, Plaintiff contends that SED violated 42 U.S.C. §§ 1981 and 1983. (*See id.* ¶¶ 100–04.)

B. Procedural Background

Plaintiff initiated this Action on her own behalf and on behalf of J.M. on August 30, 2016 by filing a Complaint. (*See* Dkt. No. 1.) Plaintiff filed the Amended Complaint on September 15, 2016. (*See* Dkt. No. 4.) On October 5, 2016, the Court issued an Order To Show Cause informing Plaintiff that she was required to "obtain an attorney in order to pursue those claims

brought on behalf of J.M. because a person who has not been admitted to the practice of law may not represent anyone other than herself." (*See* Order (Dkt. No. 5).) Plaintiff was given 30 days to obtain counsel to represent J.M. (*See id.*) Following an extension request, on November 7, 2016, the deadline was extended until December 7, 2016. (*See* Dkt. No. 19.)

On November 16, 2016, Plaintiff filed a number of documents with the Court, seeking, among other things, sanctions against May. (*See* Dkt. Nos. 31–35.) On November 21, 2016, the Court denied Plaintiff's request and granted her "one last 30-day extension" to find an attorney to represent J.M. (Dkt. No. 41.) On January 3, 2017, Plaintiff filed a motion for reconsideration of the Court's decision to deny her motion for sanctions. (*See* Dkt. Nos. 43–45.)

On January 11, 2017, the Court dismissed the claims brought on behalf of J.M. without prejudice. (*See* Order (Dkt. No. 50).) Pursuant to a memo endorsement setting forth a briefing schedule, Defendants May, Elia, SED, Dobson, Gagliardi, Lakeland Central School District Board of Education, Stone, and Valente filed Motions To Dismiss on January 31, 2017. (*See* Dkt. Nos. 60–70.) OCR and Gill filed a Motion To Dismiss on February 10, 2017. (*See* Dkt. Nos. 76–81.) Plaintiff has filed voluminous letters objecting to the Motions and other filings, (*see* Dkt. Nos. 82–85, 89, 92, 96, 99, 102–03), but has not filed a formal opposition to any of the Motions. Accordingly, the Court deems the Motions to be fully submitted.

## II. Discussion

Defendants have presented several grounds for dismissal. OCR and Gill (the "Federal Defendants") argue that the Amended Complaint must be dismissed because: (1) Plaintiff has failed to properly serve them; (2) the claims against OCR should be dismissed for lack of subject matter jurisdiction; and (3) Plaintiff has failed to state a claim. The Lakeland Central School District Board of Education, Dobson, Stone, Gagliardi, and Valente (the "Lakeland Defendants")

argue that the Amended Complaint must be dismissed because Plaintiff has failed to state a claim and the Board of Education and its members are entitled to immunity for filing a complaint with CPS. SED and Elia (the "State Defendants") argue that the Amended Complaint must be dismissed because: (1) the claims are barred by the Eleventh Amendment; (2) Plaintiff has failed to state a claim; and (3) Elia is entitled to judicial and qualified immunity. Finally, May argues that the Amended Complaint must be dismissed because Plaintiff has not and cannot state a claim against May because she was not acting under color of state law during the events giving rise to this Action.

Before addressing each of these arguments, the Court pauses to reiterate that Plaintiff cannot pursue any claims on behalf of J.M. because she is not a lawyer. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (explaining that a layperson may not represent a minor child); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 201 (2d Cir. 2002) (noting that "a non-attorney parent is precluded from representing his or her child in federal court"); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (explaining that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"). Additionally, parents do not have standing to assert claims on behalf of their children. *See Patterson ex rel. T.P. v. Elmsford Union Free Sch. Dist.*, No. 11-CV-5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012) (noting "[§] 1983 does not recognize a claim on behalf of one person arising from a violation of another person's rights" and holding that the plaintiff "c[ould not] recover on any derivative claim based on a Section 1983 civil rights . . . violation simply because she [was] [the child's] mother"); *JG & PG ex rel. JGIII v. Card*, No. 08-CV-5668, 2009 WL 2986640, at *6 (S.D.N.Y. Sept. 17, 2009) ("Plaintiff-Parents do not have standing to sue on their own behalf for violation of Plaintiff-Children's

constitutional rights.").  Therefore, to succeed in this Action, Plaintiff must show that *her* rights were violated.

A.  Standard of Review

1.  Rules 12(b)(1) & 12(b)(6)

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)); *see also Neroni v. Coccoma*, No. 13-CV-1340, 2014 WL 2532482, at *4 (N.D.N.Y. June 5, 2014) (same), *aff'd*, 591 F. App'x 28 (2d Cir. 2015).  "In deciding both types of motions, the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff."  *Gonzalez*, 2014 WL 2475893, at *2 (internal quotation marks omitted); *see also Seemann v. U.S. Postal Serv.*, No. 11-CV-206, 2012 WL 1999847, at *1 (D. Vt. June 4, 2012) (same).  "On a Rule 12(b)(1) motion, however, the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)."  *Gonzalez*, 2014 WL 2475893, at *2; *see also Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014) ("In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (internal quotation marks omitted)). This allocation of the burden of proof is "[t]he only substantive difference" between the standards of review under these two rules.  *Smith v. St. Luke's Roosevelt Hosp.*, No. 08-CV-4710, 2009 WL 2447754, at *9 n.10 (S.D.N.Y. Aug. 11, 2009), *adopted by* 2009 WL 2878093

(S.D.N.Y. Sept. 2, 2009).

### a.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (internal quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).  A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction[,] [b]ut where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration, internal quotation marks, and citation omitted); *see also Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 696 (S.D.N.Y. 2014) ("[W]here subject matter jurisdiction is contested a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits.").

### b.  Rule 12(b)(6)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alteration, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (internal quotation marks omitted));

*Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as true . . . ." (alteration and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his or her] complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). In deciding a motion to dismiss a pro se complaint, it is appropriate to consider certain "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to his [or her] opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court "may consider factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d

601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

### 2. Rule 12(b)(5)

"A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). "In deciding a Rule 12(b)(5) motion, a [c]ourt must look to Rule 4, which governs the content, issuance, and service of a summons," *id.*, and may consider "matters outside the complaint to determine whether it has jurisdiction," *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (internal quotation marks omitted).

### B. The Claims Asserted Against the Federal Defendants

### 1. Service of Process

Federal Defendants argue that Plaintiff has failed to properly serve them. (*See* Federal Defs.' Mem. of Law in Supp. of Mot. To Dismiss ("Federal Defs.' Mem.") 7 (Dkt. No. 77).) Under Federal Rule of Civil Procedure 4(i), to commence an action against an agency of the United States or an employee of the United States in their official capacity, a plaintiff must, among other things, "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought." *See* Fed. R. Civ. P. 4(i)(1)(A)(i), 4(i)(2). To proceed against employees of the United States in their individual capacity, a plaintiff must complete this same step. *See id.* 4(i)(3) (noting that a party "must serve the United States"). Because this Action was commenced in the Southern District of New York, Plaintiff was required to deliver a copy of the summons and complaint to the United States Attorney's Office

for the Southern District of New York to proceed against both OCR and Gill. Plaintiff has failed to do so. (*See* Second Decl. of Sharanya Mohan ¶ 2 (Dkt. No. 79) ("According to the records of this Office, to date, the Office has not been served with a copy of the summons issued for [OCR], or for any other defendant in the case, by Plaintiff. The Office has also not been served by Plaintiff with the complaint or the amended complaint in this matter.").) Accordingly, the claims asserted against the Federal Defendants are dismissed for failure to effectuate service of process.[3]

### 2. Subject Matter Jurisdiction

Federal Defendants also argue that Plaintiff's claims against OCR are barred by the doctrine of sovereign immunity. (*See* Federal Defs.' Mem. 8–9.) "[U]nder the principle of sovereign immunity . . . the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (internal quotation marks omitted). "[A]n action against a federal agency or officials in their official capacities is essentially a suit against the United States." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "Accordingly, in the context of a private party suit against a Federal agency or officer—absent a waiver of sovereign immunity—subject matter jurisdiction does not exist." *SEC v. Comm. On Ways and Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 216 (S.D.N.Y. 2015). Federal Defendants assert that none of the statutes that could be applicable to Plaintiff's claims—Title VI, the Federal Tort Claims Act ("FTCA"), and the Administrative Procedure Act ("APA")— waives OCR's sovereign immunity. (*See* Federal Defs.' Mem. 9–14.)

---

[3] Plaintiff was informed of this deficiency in November 2016, but has not corrected it to date. (*See* November 2016 Letter Ex. 3.)

### a. Title VI

Title VI "does not create a private right to sue the Department of Education or the Secretary to terminate funding to an allegedly discriminatory entity or program." *Grimes ex rel. Grimes v. Cavazos*, 786 F. Supp. 1184, 1189 (S.D.N.Y. 1992). Nor does Title VI "contain an implied right of action" against the Department of Education or OCR, which is a part of the Department of Education. *Id.* at 1191; *see also Beal v. Cortland*, No. 16-CV-666, 2016 WL 6242114, at *6 (N.D.N.Y. June 21, 2016) ("[N]either Title VI, nor its implementing regulations[,] create a private right of action against the [Department of Education] based on the enforcement or failure to enforce the statute."), *adopted by* 2016 WL 6238573 (N.D.N.Y. Oct. 25, 2016). Therefore, Title VI does not serve to waive OCR's sovereign immunity.

### b. The FTCA

"Sovereign immunity shields the United States, it agencies, and federal employees sued in their official capacities from constitutional tort claims." *Ibrahim v. United States*, 868 F. Supp. 2d 27, 30–31 (E.D.N.Y. 2012) (emphasis omitted). However, the FTCA "is a limited waiver of sovereign immunity" for non-constitutional tort claims, "making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). "[O]nly the United States may be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chem. Co., Inc., v. United States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987). Because Plaintiff has not sued the United States itself, the FTCA cannot serve as waiver of OCR's sovereign immunity.

Even if Plaintiff did sue the United States, the FTCA would be inapplicable here because Plaintiff has not satisfied all of the conditions necessary to prosecuting an FTCA claim. One

condition attached to FTCA claims "is that a plaintiff must first file an administrative claim with the appropriate agency before suing for relief in federal court." *Adeleke*, 355 F.3d at 153. Plaintiff does not allege that she satisfied this precondition to filing suit in federal court. Therefore, to the extent Plaintiff is asserting claims under the FTCA, they are dismissed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Gay v. Terrell*, No. 12-CV-02925, 2013 WL 5437045, at *26 (E.D.N.Y. Sept. 27, 2013) ("The burden is on the [p]laintiff to both plead and prove compliance with the FTCA's statutory requirements." (alteration and internal quotation marks omitted)).

### c. The APA

Plaintiff may be attempting to assert a claim under the APA relating to OCR's decision to dismiss Plaintiff's two administrative complaints. Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, only agency actions "for which there is no other adequate remedy in a court are subject to judicial review." *Id.* § 704. Federal Defendants correctly argue that Plaintiff cannot maintain an action under the APA because Plaintiff has other adequate remedies available to her, i.e., she can file a lawsuit against the discriminating entity. (*See* Federal Defs.' Mem. 12–13.) Therefore, the APA does not serve as a waiver of OCR's sovereign immunity. *See Pudlin v. Office for (Not of) Civil Rights of the U.S. Dep't of Educ.*, 186 F. Supp. 3d 288, 293 (S.D.N.Y. 2016) (dismissing APA claim because the plaintiff "ha[d] an adequate, alternate remedy: a disability discrimination suit directly against" the allegedly discriminating entity); *see also Sherman v. Black*, 315 F.

App'x 347, 349 (2d Cir. 2009) (affirming dismissal of APA claim because the plaintiff "ha[d] another adequate remedy").[4]

### d. Plaintiff's Other Claims

Plaintiff asserts several additional claims against OCR for violations of: 18 U.S.C. §§ 241–42, and 245, and 42 U.S.C. §§ 1981, 1983, and 1985. None of these statutes provides grounds for relief against OCR. First, Plaintiff cannot maintain a civil action pursuant to 18 U.S.C. §§ 241–42, or 245 because they are criminal statutes and do not provide private rights of action. *See Robinson*, 21 F.3d at 511 (holding that § 242 does not provide a private cause of action); *Corrado v. State of N.Y. Univ. Stony Brook Police*, Nos. 15-CV-7443, 15-CV-7444, 2016 WL 4179946, at *3 (E.D.N.Y. Aug. 5, 2016) (holding that §§ 242 and 245 do not provide private rights of action); *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998) (holding that § 241 "does not provide for a private right of action"). Second, 42 U.S.C. §§ 1981, 1983, and 1985 are inapplicable to the federal government. *See Harrison v. Potter*, 323 F. Supp. 2d 593, 604–05 (S.D.N.Y. 2004) (holding that §§ 1981, 1983, and 1985 "do not provide a remedy against the federal government"). Accordingly, all of the claims asserted against OCR in the Amended Complaint are barred.[5]

---

[4] Plaintiff's APA claim is also subject to dismissal to the extent that she seeks damages as a remedy. *See Cty. of Westchester v. U.S. Dep't of Hous. & Urban Dev.*, 778 F.3d 412, 417 (2d Cir. 2015) ("[T]he APA's limited waiver of the federal government's sovereign immunity permits only suits seeking relief other than money damages." (internal quotation marks omitted)).

[5] To the extent that Plaintiff was attempting to assert claims against the Federal Defendants for violation of the ADA and § 504 of the Rehabilitation Act, those claims are dismissed as well. *See Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) (per curiam) ("Title II of the ADA is not applicable to the federal government."); *Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 583 (2d Cir. 1987) ("We do not believe that a private right of action by an individual complainant against a federal funding agency for review of an agency's finding of no discrimination can be implied under [§] 504.").

### 3. Failure to State a Claim

Construing the Amended Complaint broadly, Plaintiff may be attempting to assert a claim against Gill.[6] Federal Defendants argue that any such claim must be dismissed for failure to state a claim. (*See* Federal Defs.' Mem. 16–18.) Plaintiff cannot assert a claim against Gill under the FTCA, because only the United States is a proper defendant in such claims, *see C.P. Chem.*, 810 F.2d at 37 n.1, but may assert a claim pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which the Supreme Court recognized a cause of action against federal employees in their individual capacities for alleged violation of the Fourth Amendment.

Any *Bivens* claim Plaintiff may be attempting to assert, however, must be dismissed because Plaintiff has not alleged that Gill violated her constitutional rights. Plaintiff alleges that Gill's May 5, 2016 letter dismissing Plaintiff's OCR complaint is "retaliatory," (Am. Compl. ¶ 74), but this conclusory allegation is insufficient to state a claim. *See Wang v. Palmisano*, 51 F. Supp. 3d 521, 539–40 (S.D.N.Y. 2014) (declining to credit the plaintiff's "wholly conclusory" allegation that the defendants acted with "retaliatory 'motives'"); *Laurent v. G & G Bus Serv., Inc.*, No. 10-CV-4055, 2011 WL 2693651, at *1 (S.D.N.Y. July 11, 2011) ("While the plaintiff repeats his conclusory allegations that he was discriminated against in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act and that he was retaliated against in violation of those statutes and Title VII, he has failed to go beyond conclusory allegations that do not state plausible claims for violation of those statutes."). Moreover, Plaintiff's conclusory allegation is belied by the text of Gill's letter. Gill merely

---

[6] Although Gill is not named as a defendant in the caption of the Amended Complaint, Plaintiff refers to Gill as a defendant in the body of that document. (*See* Am. Compl. ¶ 13.)

informed Plaintiff that OCR could not process Plaintiff's complaint at that time because, "[p]ursuant to OCR's case processing procedures," OCR dismisses complaints "when the complainant has filed the same allegations against the same recipient with another federal, state or local civil rights enforcement agency." (App'x 239.) The same allegations were currently pending before SED, and therefore Gill followed OCR procedures in dismissing Plaintiff's OCR complaint. Accordingly, Plaintiff has failed to state a claim against Gill.

Because Plaintiff's claims against OCR are barred by sovereign immunity and Plaintiff has not stated a claim against Gill, all of the claims asserted against the Federal Defendants are dismissed.

### C. The Claims Against the Lakeland Defendants

Lakeland Defendants argue that Plaintiff has not stated a claim. (*See* Lakeland Defs.' Mem. of Law in Supp. of their Mot. To Dismiss 5 (Dkt. No. 69).) They proceed claim by claim through Plaintiff's allegations. The Court will do the same.[7]

#### 1. Title VI

Plaintiff cannot maintain a Title VI claim against the Lakeland Defendants because she is not the intended beneficiary of this federally funded school program. *See HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881, 2012 WL 4477552, at \*18 (S.D.N.Y. Sept. 27, 2012) (holding that the plaintiff-parents did not have standing to assert a Title VI claim because "there [were] not beneficiaries of federally-funded school programs"); *Rodriguez v. Boursiquot*, No. 09-CV-802, 2010 WL 985187, at \*4 (S.D.N.Y. Mar. 17, 2010) (holding that the plaintiff did not have standing to assert a Title VI claim because she was not the beneficiary of a federally

---

[7] For the same reasons as stated above, Plaintiff cannot assert causes of action against the Lakeland Defendants based upon 18 U.S.C. §§ 241–42 or § 245.

funded school program nor was she bringing suit on behalf of individuals or organizations who were).  Accordingly, Plaintiff's Title VI claim is dismissed against the Lakeland Defendants.[8]

### 2.  42 U.S.C. § 1981

To state a § 1981 claim, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Conclusory allegations of racial discrimination are insufficient to survive a motion to dismiss. *See Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68–69 (2d Cir. 2015), *cert denied*, 136 S. Ct. 1202 (2016) (requiring plaintiffs to "provide meaningful specifics" of the alleged discrimination to state a claim under § 1981); *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (holding that the "naked allegation" that the defendants "selectively enforced the College rules against [the] plaintiffs because they [were] black or Latin" failed to state a claim (alterations and internal quotation marks omitted)).  Here, Plaintiff has offered nothing but conclusory allegations that the Lakeland Defendants engaged in discriminatory and retaliatory acts.  (*See, e.g.*, Am. Compl. ¶¶ 15, 21, 24, 26, 28, 34-35.)  This is insufficient to state a claim. Accordingly, Plaintiff's § 1981 claim is dismissed against the Lakeland Defendants.  *See Stefanoni v. Darien Little League, Inc.*, 101 F. Supp. 3d 160, 177 (D. Conn. 2015) ("[M]erely conclusory allegations of racial discrimination do not suffice to state a claim under [§] 1981.").

---

[8] Additionally, "Title VI claims cannot be asserted against an individual defendant because the individual is not the recipient of federal funding."  *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).

### 3. Title II of the ADA and § 504 of the Rehabilitation Act

"To prove a violation of Title II [of the ADA], a party must . . . establish: (1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003) (quoting 42 U.S.C. § 12132). This same standard applies to Rehabilitation Act claims as well. *Id.* at 35. Plaintiff alleges that she is a "[d]isabled [v]eteran," but she has not pled how her alleged disability motivated the Lakeland Defendants' supposedly discriminatory acts. (Am. Compl. ¶ 29 (emphasis omitted).) Plaintiff's allegations again amount to nothing more than conclusory statements of discrimination, which are insufficient to state a claim. *See Laurent*, 2011 WL 2693651, at *1 (holding that conclusory allegations were insufficient to state an ADA claim). Indeed, Plaintiff has not provided any information regarding her disability. *See Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 147–48 (2d Cir. 2002) (requiring plaintiff to allege a specific physical or mental impairment). Accordingly, Plaintiff's ADA and § 504 claims are dismissed against the Lakeland Defendants.[9]

### 4. Equal Protection

"The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). "To state a race-based claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against [her] on the basis of [her] race." *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000). Such claims must be "alleged in a non-

---

[9] Additionally, "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

conclusory fashion." *Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) (internal quotation marks omitted). For the same reasons discussed above, Plaintiff has failed to meet this standard. She claims to have been discriminated against based on her race, but has provided *no* factual support for this assertion. Accordingly, Plaintiff's equal protection claim is dismissed against the Lakeland Defendants.

### 5. Conspiracy Claims

The Court construes Plaintiff to be asserting conspiracy claims under both 42 U.S.C. § 1983 and § 1985. "[T]o survive a motion to dismiss a claim for conspiracy to violate § 1983 a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Bullard v. City of New York*, 240 F. Supp. 2d 292, 301 (S.D.N.Y. 2003) (internal quotation marks omitted). "A plaintiff claiming violation of § 1985(3) must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, No. 98-CV-2416, 2002 WL 13222, at *3 (E.D.N.Y. Jan. 3, 2002). The alleged "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian*, 7 F.3d at 1088 (internal quotation marks omitted); *see also Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (same).

Plaintiff has failed to state a claim under either of these statutes because her claims are conclusory. Plaintiff has alleged nothing about the way in which the Lakeland Defendants

conspired together or with other defendants to violate Plaintiff's rights. Accordingly, Plaintiff's conspiracy claims are dismissed against the Lakeland Defendants. *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (per curiam) ("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (internal quotation marks omitted)).[10]

### 6. First Amendment

Although Plaintiff does not plead a violation of her First Amendment rights as a separate cause of action, Plaintiff does allege that her First Amendment rights were violated. (*See, e.g.*, Am. Compl. ¶ 16.) "Generally, a private citizen bringing a First Amendment retaliation claim must allege that (1) [she] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by [her] exercise of that right; and (3) defendants' action effectively chilled the exercise of [her] First Amendment right." *Jones v. Bay Shore Union Free Sch. Dist.*, 947 F. Supp. 2d 270, 275 (E.D.N.Y. 2013) (internal quotation marks omitted). "Where a party can show no change in [her] behavior, [she] has quite plainly shown no chilling of [her] First Amendment right to free speech." *Id.* (internal quotation marks omitted). It is unclear in exactly what way Plaintiff's First Amendment rights were violated.

---

[10] Moreover, plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine, as the moving Defendants all worked for the Lakeland School District. *See Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 465 (S.D.N.Y. 2012) ("[A] plaintiff's allegations fail to state a § 1985 conspiracy claim 'if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment.'" (quoting *Hermann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978), *cert denied*, 439 U.S. 1003 (1978))); *see also Hartline v. Gallo*, 546 F.3d 95, 99 n.3 (2d Cir. 2008) (affirming the dismissal of a conspiracy claim where defendants were all employees of the municipal police department); *Rodriguez v. City of New York*, 644 F. Supp. 2d 168, 200 (E.D.N.Y. 2008) ("The intracorporate conspiracy doctrine posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other.").

She alleges only that the Lakeland Defendants violated her right to free speech because they ignored her complaints, but ignoring one's speech is not tantamount to suppressing it. (*See* Am. Compl. ¶ 26.) In any event, Plaintiff was undeterred by the Lakeland Defendants' actions, because Plaintiff has filed complaints with SED, OCR, and this Court involving the alleged discrimination suffered by J.M. Accordingly, Plaintiff has "show[n] no change in [her] behavior," *Jones*, 947 F. Supp. 2d at 275, and thus her First Amendment claims are dismissed against the Lakeland Defendants.

### 7. The CPS Complaint

To the extent that Plaintiff is asserting claims against the Lakeland Defendants for their decision to file a complaint with CPS, those claims also must be dismissed. Teachers and school administrators are statutorily mandated to report suspected child abuse or neglect to CPS. *See* N.Y. Soc. Serv. Law § 413(a) (making teachers and school administrators legally obligated to report suspected child abuse and neglect). "As 'mandatory reporters,' school officials receive immunity from liability whenever they report suspected abuse in good faith, but they are exposed to liability if they willfully fail to do so." *Oglesby v. Eikszta*, 499 F. App'x 57, 60 (2d Cir. 2012); *see also* N.Y. Soc. Serv. Law § 419 ("Any person, official, or institution participating in good faith in . . . the making of a report . . . in compliance with [§§ 20, 422, 422-a] of this chapter shall have immunity from any liability, civil or criminal, that might otherwise result by reason of such actions."). Educational neglect may serve as a basis to trigger a school employee's duty to report suspected abuse. *See Watkins-El v. Dep't of Educ.*, No. 16-CV-2256, 2016 WL 5867048, at *3 (E.D.N.Y. Oct. 7, 2016) (holding that the extended absence of the plaintiff's three minor children from school "sufficiently indicated educational neglect to trigger [the principal's] duty to report"). Here, J.M. was removed from TJ and began attending a new

school on September 21, 2015, (*see* Am. Compl. ¶ 46), but Plaintiff failed to inform the Lakeland Defendants of this change, even though she was notified that if she did not tell TJ where J.M. was attending school, a report to CPS would be made. (*See* App'x 24 ("We are sorry that you have decided to withdraw you son from our School District and we wish you and [J.M.] well in his future education. It is imperative that the School District be advised where your son is attending school immediately since he has missed more than a week of school to date. . . . If the School District is not advised of the arrangements for your son's education by the end of this week, we will have no choice but to make a report to Child Protective Services.").)[11] As Plaintiff did not provide the requested information, the Lakeland Defendants filed a report with CPS. Under the circumstances alleged in the Amended Complaint, they had a good faith basis to do so. Accordingly, the Lakeland Defendants cannot be sued for making a referral to CPS.

### D. The Claims Against the State Defendants

State Defendants argue that Plaintiff's claims against SED and Elia in their official capacities are barred by the Eleventh Amendment. (*See* State Defs.' Mem. of Law in Supp. of their Mot. To Dismiss 8–9 (Dkt. No. 61).) For the claims not barred by the Eleventh Amendment, State Defendants contend that Plaintiff has failed to state a claim and that Elia is entitled to immunity for her role in the events giving rise to this Action. (*See id.* at 9–11.)

### 1. Eleventh Amendment Immunity

"[A]s a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *Harrison v. New York*, 95 F. Supp. 3d 293, 314 (E.D.N.Y.

---

[11] The Court may rely on this document because it was attached to the complaint. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.").

2015) (internal quotation marks omitted); *see also* U.S. Const. amend. XI.[12] "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted). Thus, under the doctrine of sovereign immunity, an individual may not sue a state, its agencies, or its officials in federal court, absent that state's consent or an express statutory waiver of immunity. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *see also McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) ("[T]here are two recognized exceptions to the [Eleventh Amendment] bar: when Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment, and where a state consents to being sued.").

It is well-settled that New York State has not consented to being sued in federal court. *See Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 425 (S.D.N.Y. 2001) (noting it is "beyond dispute" that New York and its agencies have not consented to being sued in federal court (internal quotation marks omitted)). Nor do any of the statutes upon which Plaintiff relies in instituting this Action against the State Defendants abrogate New York's sovereign immunity. *See, e.g.*, *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 467 (S.D.N.Y. 2006) ("Sections 1981 to 1986 of Title 42 . . . do not constitute a congressional waiver of state immunity."), *aff'd*, 266 F. App'x 31 (2d Cir. 2008). Accordingly, the claims asserted against SED and the claims asserted against Elia in her official capacity are barred by the Eleventh Amendment. *See Hayes v. Williamsville Cent. Sch. Dist.*, 506 F. Supp. 2d

---

[12] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

165, 169 (W.D.N.Y. 2007) ("A state agency or department such as the Education Department is an official arm of the state that enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." (alteration and internal quotation marks omitted)).

### 2. Failure to State a Claim

The Amended Complaint asserts only one cause of action against the State Defendants. (*See* Am. Compl. ¶ 100–04.)[13]  Specifically, Plaintiff contends that SED engaged in "retaliatory dilatory tactics" in order to "deliberately deprive . . . Plaintiff[] of [her] federally protected constitutional rights."  (*Id.* ¶¶ 103–04.)  This claim fails for three reasons: (1) it is conclusory; (2) "there is no constitutional right to an investigation by government officials," *Troy v. City of New York*, No. 13-CV-5082, 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014) (alteration and internal quotation marks omitted), *aff'd*, 614 F. App'x 32 (2d Cir. 2015); and (3) there are no factual allegations upon which the Court can conclude that Elia discriminated against Plaintiff based on Plaintiff's race.  Accordingly, the claims asserted against Elia are dismissed for failure to state a claim.[14]

### E.  The Claims Against May

May argues that Plaintiff has failed to state a claim.  (*See* Def. May Mem. of Law in Supp. of Mot. To Dismiss 7 (Dkt. No. 64).)  To succeed on the claims Plaintiff has asserted against May, Plaintiff must show that May was acting under color of state law.  *See Luo v. Baldwin Union Free Sch. Dist.*, No. 12-CV-3073, 2013 WL 1182232, at *3 (E.D.N.Y. Mar. 21,

---

[13] Plaintiff may also be attempting to assert a First Amendment claim against Elia, but that claim fails for the same reason stated above—Plaintiff's speech has not been chilled.  *See Jones*, 947 F. Supp. 2d at 275.

[14] Because Plaintiff has not otherwise stated a claim, the Court declines to consider the State Defendants' non-sovereign immunity arguments.

2013) ("To state a claim under [§ 1983], a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or law of the United States."). Plaintiff cannot satisfy this element because May, in her role as counsel to the defendants named in the SED petition, was not acting under color of state law when she filed documents with SED. *See id.* at *4 (holding that a lawyer could not be sued for serving as an advocate for a school district because she was not acting under color of state law). Moreover, even if May was acting under color of state law, Plaintiff has not otherwise stated a claim for the same reasons stated above. The allegations contained in the Amended Complaint are wholly conclusory and do not establish that May violated any of Plaintiff's rights. *See Gomez v. City of Norwalk*, No. 15-CV-1434, 2017 WL 3033322, at *2 (D. Conn. July 17, 2017) ("When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant [the] defendants' motion to dismiss." (alteration and internal quotation marks omitted)).

F.  Plaintiff's Motion for Sanctions

Plaintiff seeks sanctions against May because she allegedly filed false affidavits with SED and against OCR's legal counsel because OCR did not report May's alleged misconduct. (*See* Pl.'s Mem. of Law in Supp. of Mot. for Sanctions 2 (Dkt. No. 31).) The decision of "whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004). Whatever may have occurred in state court, it has no bearing on this Action. The Court has reviewed the filings in this case and determined that Defendants' counsel have not engaged in any conduct warranting sanctions. Although Plaintiff

is dissatisfied with the content of counsel's letters and motions, that does not serve as a basis to impose sanctions. Accordingly, Plaintiff's Motion for Sanctions is denied.

### G. Plaintiff's Recusal Request

In one of her filings, Plaintiff accuses the Court of accepting bribes and of bias. (*See generally* Dkt. No. 44.) Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably questioned." Recusal under this section "is not limited to cases of actual bias; rather, the statute requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). Here, there is no basis for the Court to recuse itself. It is certainly not accepting bribes from Defendants' counsel (or anybody) and has no stake in the outcome of this litigation. The Court has presided over this case as it does all of the other cases before it, by endeavoring to follow and apply the law fairly to all parties. Plaintiff's unsubstantiated allegations of bias therefore do not serve as a basis upon which this Court will recuse itself.

### III.  Conclusion

For the foregoing reasons, the Motions to Dismiss are granted and the Motion for Sanctions and the recusal request are denied. All of the claims asserted in the Amended Complaint are dismissed without prejudice. Plaintiff may, within 30 days from the date of this Opinion, file an amended pleading correcting the deficiencies identified above. The amended pleading may only contain claims that Plaintiff is asserting on her own behalf, i.e., she must allege how her rights were violated. If Plaintiff fails to abide by the 30-day deadline, this Action likely will be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt. Nos.

34, 43, 60, 62, 67, 76), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: September 26, 2017
       White Plains, New York

KENNETH M. KARAS
United States District Judge